**Adrian AMULI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–2681–ag.**

United States Court of Appeals, Second Circuit.

Jan. 8, 2007.

Linda C. Flanagan, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Anthony W. Norwood, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Adrian Amuli, a native and citizen of Albania, seeks review of the May 11, 2006 order of the BIA affirming the January 20, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo, which denied petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Adrian Amuli,* No. A96 001 457 (B.I.A. May 11, 2006), *aff'g* No. A96 001 457 (Immig. Ct. N.Y. City Jan. 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA's order—"that is, minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Amuli challenges the BIA's affirmance of the IJ's adverse credibility finding and asserts that he has met his burden of proof as to the relief requested. Our review of the record leads us to conclude that the agency's decision was supported by substantial evidence.

The inconsistencies and omissions found here were "substantial" when "measured against the whole record." *Secaida–Rosales*, 331 F.3d at 308. The discrepancy regarding the year that Socialist Party supporters shot at Amuli involves the "heart of [his] claim," as this was the event that purportedly convinced him that he was no longer safe in Albania. *Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir.2006) (per curiam). The fact that the allegedly incorrect date of June 2001 was listed in two places, Amuli's I–589 application and his parents' letter, further underscores the substantial nature of this discrepancy. Although the IJ was not required to offer Amuli an opportunity to explain this inconsistency, the IJ nevertheless attempted to solicit an explanation; Amuli stated only that he was nervous and that 2000 was the correct date. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005); *cf. Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006). The IJ rejected this explanation, and we find that a reasonable factfinder would not have been compelled to do otherwise. *See Majidi*, 430 F.3d at 81.

As to Amuli's omission of any account of personal persecution at his airport interview, the IJ's reliance on the interview notes was proper. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir. 2004). Although an Albanian interpreter was not present, there is no indication that Amuli did not understand the questions asked. *See id.* at 180. Amuli's failure to mention his membership in the Democratic Party, his three month-long detention in 1998, or the shooting incident in 2000 or 2001, certainly goes to the heart of his claim. *Cheng Tong Wang*, 449 F.3d at 453. Given the reliable nature of the interview notes, the IJ properly found that Amuli's omissions at the airport interview undermined his overall credibility and contributed to his failure to meet his burden of proof.

It was also proper for the IJ and the BIA to point to Amuli's lack of knowledge about the Democratic Party's ideals or beliefs as a factor undermining his credibility. Amuli testified that one of his primary duties within the party was to reinforce the beliefs of other members; his inability to provide even the most basic information about the party therefore went to the credibility of his claim. *Cf. Rizal v. Gonzales*, 442 F.3d 84, 90–91 (2d Cir.2006).

Amuli's submission of a falsified Democratic Party card as evidence in support of his asylum application was also an adequate basis for the agency's adverse credibility finding. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir.2006). The IJ reasonably found that the card was fraudulent, since it was issued in May 2000, but contained a photograph that Amuli admitted was taken after his arrival in the United States in August 2002. Because the card identified Amuli as a DP member, it was a key piece of evidence corroborating his claim of political persecution. Thus, the card goes to the heart of Amuli's claim for asylum, and its fraudulent nature "calls into question the authenticity of other documents submitted in support of that application." *Id.* Furthermore, due to the existence of inconsistencies in Amuli's testimony, the remaining record fails to overcome the inference of incredibility created by the submission of the fraudulent card. *See Matter of O–D–*, 21 I. & N. Dec. 1079, 1084 (B.I.A.1998). Ultimately, nothing would compel this

Court to overturn the agency's finding. *See Zhou Yun Zhang,* 386 F.3d at 77.

Because Amuli failed to establish past persecution due to his lack of credible testimony, he was not entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because of Amuli's failure to provide credible evidence that he is a member of or supports Albania's Democratic Party, he has failed to show a subjective basis for a well-founded fear of future persecution. *Ramsameachire,* 357 F.3d at 178.

Amuli has not meaningfully challenged the agency's denial of his withholding of removal and CAT claims in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). In any event, the adverse credibility finding undermines both of those claims in this case because Amuli has not offered any factual basis to show a likelihood of persecution or torture apart from his asylum claim. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006); *Xue Hong Yang,* 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.